USCA1 Opinion

 

 [NOT FOR PUBLICATION] UNITED STATES COURT OF APPEALS FOR THE FIRST CIRCUIT ____________________ No. 92-2412 WESTON J. STOW, Plaintiff, Appellant, v. WARDEN, NEW HAMPSHIRE STATE PRISON, ET AL., Defendants, Appellees. ____________________ APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEW HAMPSHIRE [Hon. Martin F. Loughlin, Senior U.S. District Judge] __________________________ ____________________ Before Torruella, Cyr and Boudin, Circuit Judges. ______________ ____________________ Weston J. Stow on brief pro se. ______________ Jeffrey R. Howard, Attorney General, and Ann F. Larney, Assistant _________________ _____________ Attorney General, on brief for appellees. ____________________ June 9, 1993 ____________________ Per Curiam. Plaintiff argues that the inter- ___________ library loan system provides him constitutionally inadequate access to Massachusetts courts because he can only obtain materials for which he provides an exact case or statutory citation. See, e.g., Cepulonis v. Fair, 732 F.2d 1, 4 (1st ___ ____ _________ ____ Cir. 1984) (criticizing exact citation system because it is unrealistic to expect a prisoner to know in advance exactly what materials he needs). The sole support plaintiff provided for his claim that exact citations are required was a letter from a librarian asking plaintiff to be "as specific as possible" and to make sure that caselaw and statutory citations were copied accurately. Plaintiff did not, for example, submit copies of inter-library loan requests which had been refused because not in exact citation form. The district court did not err in granting defendants' motion for summary judgment. That a librarian asked plaintiff to be as specific as possible and cautioned him to check the accuracy of any citations plaintiff might copy does not indicate that Massachusetts officials would respond only to exact citation requests or would not help plaintiff identify what he needed were plaintiff unable to supply citations. Consequently, in the context of the present suit, which was essentially a facial attack on the inter-library loan system, the court correctly entered -2- judgment for defendants. Our ruling is without prejudice, however, to a future lawsuit, should plaintiff encounter specific problems utilizing the inter-library loan system amounting to the level of a denial of access to Massachusetts courts. See, e.g., Corgain v. Miller, 708 F.2d 1241, 1251 ___ ____ _______ ______ (7th Cir. 1983) (upholding facial adequacy of access plan, but not foreclosing future challenge to plan as implemented). Affirmed. ________ -3-